AO 472 (Rev. 3/86) Order of Detention Pending Trial
==========================================================================

# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Mag. No. 07-46-C** |
| ) | |
| **HUSSEIN AL-RIKABI,** ) | |
|     **Defendant** ) | |

## ORDER OF DETENTION PENDING TRIAL

      In accordance with the Bail Reform Act, 18 U.S.C., Section 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[X]  (1)  There is probable cause to believe that the defendant has committed an offense
        [X]  for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
        [ ]  under 18 U.S.C. Section 924(c).
[.]  (2)  The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

[X]  (1)  There is a serious risk that the defendant will not appear.
[X]  (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

      The defendant is charged by complaint with two counts of distribution of 5 grams or more of a mixture or substance containing cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1). The defendant is exposed, on each count, to a mandatory minimum term of imprisonment of 5 years. The government has invoked the presumption contained in 18 U.S.C. § 3142(e) and seeks to have the defendant detained both as a risk of non-appearance and a danger to the community. At the conclusion of the preliminary examination, the defendant conceded the existence of probable cause to believe that he has committed the offense charged in Count One of

1

the complaint but made no such concession regarding Count Two. I find, based on the hearing record, that the United States has established probable cause to believe that the defendant did commit both offenses charged. As a result, 18 U.S.C. § 3142(e) provides that, "[s]ubject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community."

At the detention hearing, the government presented the testimony of DEA Special Agent Paul Buchanan who, among other things, adopted as part of his testimony the contents of his affidavit supporting the complaint. The defendant presented no witnesses, but did make a proffer that (i) corrected misinformation contained in the pretrial services report by pointing out that the report there of a conviction for conspiracy to defraud the United States (see the top of page 3 of the pretrial services report) involved an individual other than the defendant, (ii) the defendant has never been deported from the United States, and (iii) he does not have a passport. The government agreed that the defendant's proffer is entirely correct but argued that it is not sufficient to rebut the presumption.

Out of an abundance of caution, for purposes of this decision I will treat the defendant as having rebutted the presumption as it relates both to risk of flight and danger to the safety of the community. The effect of the rebuttal is to relieve the defendant of the burden of production. *United States v. Jessup*, 757 F.2d 378, 386 (1st Cir. 1985). Despite the rebuttal, I am nevertheless required to keep in mind the fact that Congress has found that "flight to avoid prosecution is particularly high among persons charged with major drug offenses." S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983); *Jessup* at 384. The legislative history also reveals that, in establishing the statutory presumption that "no condition or combination of conditions will reasonably assure . . . the safety of the community . . .," 18 U.S.C. § 3142(e), Congress specifically had in mind defendants alleged to be involved in drug trafficking: "The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" S. Rep., *supra* at 13. The statutory presumption was created partly because of concern for a high degree of pretrial recidivism. *Id*. at 20. *Jessup* teaches that the presumption not only imposes a burden on the defendant to come forward with evidence to rebut this danger, but also requires the court in assessing any such evidence to pay heed to the congressional concerns.

The defendant, age 37 and currently a legal permanent resident of the United States, is a native and citizen of Iraq. He entered the United States in 1994 under refugee status. He has never married and has no children. His surviving parent and all four of his siblings reside in Iraq. The defendant has no family in the United States. He claims to have resided at a number of different addresses in and around Portland since approximately 2002. Before relocating to Maine in 2002 he claims to have resided in Newark and Patterson, New Jersey. If convicted of either or both of the charged offenses, he is subject to deportation.

The defendant is currently unemployed. He reported to pretrial services that he supports himself through "odd jobs."

2

The defendant informed pretrial services that he has used marijuana over the last five years and cocaine over the two years. He has never undergone substance abuse treatment and does not believe that he requires any.

The only criminal history unearthed by pretrial services is a pending charge in Paterson, New Jersey for obstructing the administration of law. That charge dates back to November 2004. A records check has revealed no known outstanding warrants.

The evidence against the defendant is strong. As for the July 25, 2007 transaction (Count One), an undercover drug agent personally participated in a drug buy and observed the defendant deliver crack cocaine to an intermediary who, in turn, handed it over to the agent. The agent then made direct cash payment for the drugs to the defendant who the agent saw put the money in his trouser pocket. All of this took place in the agent's vehicle. As for the August 17, 2007 transaction (Count Two), the same undercover drug agent, participating in another drug buy, witnessed the same intermediary to whom he had provided $800 in pre-recorded funds approach the defendant in a Hannaford's Supermarket and give to the defendant the cash that the agent had given her. The agent then observed the defendant place an item in the intermediary's purse, which she had placed on the defendant's shopping cart. The intermediary then showed the agent, who was nearby in the supermarket, three knotted bags in her purse of an off-white substance that later tested positive for the presence of crack cocaine.

In the circumstances, where the defendant is charged with serious drug offenses, faces significant mandatory prison time, is himself a drug user and has no identified legitimate source of income sufficient to support his drug addiction, the defendant very much fits the paradigm on which the rebuttable presumption is based. Any conditions of release would have to include reliable third-party supervision. And yet no third-party custodian option was presented, nor does there otherwise appear to be an appropriate third-party custodian candidate.

Taking into consideration the congressional concerns that underlie the statutory presumption, including drug trafficking recidivism, as well as all of the available information concerning the factors listed in 18 U.S.C. § 3142(g), I find by a fair preponderance of the evidence that the defendant poses a serious flight risk and that there are no available conditions of release that will reasonably assure his appearance as required. I also find, by clear and convincing evidence, that the defendant poses a danger to the safety of the community and that there are no conditions that will reasonably assure community safety  I therefore ***ORDER*** that the defendant be detained pending trial.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extend possible, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: October 30, 2007.

          /s/ David M. Cohen
          David M. Cohen
          U.S. Magistrate Judge